## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No.:    1:19-cv-03219

LISA ROBINSON,

     PLAINTIFF,

v.

PINE HILLS MANAGEMENT, CO. D/B/A LA QUINTA INN & SUITES BY
WINDHAM,

     DEFENDANT.

_____

## COMPLAINT AND JURY DEMAND
_____

COMES NOW, the Plaintiff, Lisa Robinson, by and through her undersigned attorney, to hereby respectfully submit her Complaint and Jury Demand against the Defendant, Pine Hills Management, Co. d/b/a La Quinta Inn & Suites By Windham. Upon information and belief following investigation the Plaintiff alleges as follows:

### I. NATURE OF CLAIM

1.  This is a civil action for declaratory and injunctive relief, and damages, to redress the deprivation of the rights secured to the Plaintiff by the Americans with Disabilities Act of 1990 (*see* 42 U.S.C. §§ 12101 *et seq.*).

2.   Plaintiff also seeks a declaratory judgment and injunction to restrain defendant from maintaining practices, policies, customs and usages which discriminate against the Plaintiff, and other members of her protected class, on the basis of their disabilities regarding the hiring, placement, promotions, retention and other conditions of their employment.

## II. PARTIES

3.   At all times relevant to this action, Plaintiff is and was a Colorado resident, and was an "employee" of Defendant within the meaning defined by Title 42 U.S.C. §§ 12111 (4).

4.   At all times relevant to this action, the Defendant is and was a hospitality management company, doing business based out of Loveland, Colorado, employed more than fifteen (15) persons, and is an "employer" within the meaning defined by Title 42 U.S.C. §§ 12111 (5).

5.   The Defendant manages several hotels, including La Quinta Inn & Suites By Windham, which employed the Plaintiff, and a restaurant, all within the great State of Colorado.

## III. JURISDICTION AND VENUE

6.   The parties to this action reside in and/or regularly do business within the jurisdiction of this Court. This Court has jurisdiction under the Americans with Disabilities Act ("ADA"), specifically Title 42 U.S.C. § 12133.

7.   Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and (2). Specifically all defendants reside and/or regularly do business within the jurisdiction of this

Court and the events giving rise to this claim all occurred within the State of Colorado.

## IV. FACTUAL ALLEGATIONS

8.  The Plaintiff has been diagnosed with Post Traumatic Stress Disorder (PTSD), and has a well documented medical history with her therapeutic milieu, spanning essentially her entire adult life. Please see Exhibit 1[1].

9.  The Plaintiff began working for the Defendant on or about August 2016.

10. The Plaintiff's former General Manager (GM), Ms. Marjaneh Shahravesh, was aware of the Plaintiff's medical condition while they worked together, as the Plaintiff confided in and trusted Ms. Shahravesh.

11. As per the Plaintiff's request, Ms. Shahravesh had given the Plaintiff reasonable accommodations to deal with her medical condition, as needed.

12. The Plaintiff was able to satisfactorily perform her essential job functions while being given the reasonable accommodations she requested.

13. The reasonable accommodations provided to the Plaintiff included but were not limited to: unpaid time off of work while her symptoms flared up, time to take walks outside during her shift (no longer than a typical smoke break), and intervention by the GM if her colleagues or customers treated the Plaintiff with hostility.

---

[1] Please be advised that the Plaintiff's medical records and prescriptions are considered protected health information subject to HIPPA rules and regulations. The Plaintiff hereby states that she does not authorize the disclosure of her protected health information to anyone under any circumstance other than by her express written consent or by Court Order compelling such a disclosure.

14. The Plaintiff was promoted to "Director of Sales" on or about October 2017, showing that the accommodations provided to the Plaintiff by her employer allowed the Plaintiff to thrive at her job.

15. The Plaintiff's GM, Ms. Shahravesh, was terminated by the defendant on or about the end of February 2018.

16. La Quinta Inn & Suites By Windham was without a GM for approximately one and a half to two months.

17. During this period the Plaintiff filled in, as needed, in a variety of roles, many of which were outside of the scope of her position as Director of Sales. The Plaintiff was then promoted to Assistant GM approximately two weeks before she was terminated.

18. However, throughout the Plaintiff's employment with the Defendant, her time slips stated that she was merely a "Front Desk" employee. Please see Exhibit 2.

19. The added workload, lack of recognition, and the lack of support from Defendant during this time increased the Plaintiff's anxiety and exacerbated the symptoms of her disability.

20. On or about mid April 2018, the Defendant hired a new GM, Ms. Katie Peace.

21. Ms. Peace imposed sweeping reforms to the way the Sales department conducted business, including preventing the Plaintiff from accessing the records that she relied on while selling blocks of rooms to large parties.

22. The Plaintiff brought this issue up with Ms. Peace, and informed her that the Plaintiff needed some way to verify the availability of the room blocks to not double book or under sell available lodging. Essentially, the Plaintiff needed access to this information in order to do her job effectively and contribute to the business' bottom line.

23. The Plaintiff's concerns were ignored, further contributing to her anxiety.

24. The Plaintiff also attempted to address some potential liability concerns with Ms. Peace, first verbally and later in writing. Ms. Peace either ignored these concerns or responded with hostility towards the Plaintiff.

25. The Plaintiff requested the same reasonable accommodations the Defendant had been providing to the Plaintiff before. Within two weeks of when Ms. Peace took over the GM role, the Plaintiff was denied these accommodations for her disability.

26. Feeling anxious and powerless and with no other recourse, the Plaintiff contacted the owner, Mr. Hamid Eslan, on or about April 26, 2018. The Plaintiff then followed up with a letter sent to Ms. Peace regarding the content of her conversation with Mr. Eslan. Please see Exhibit 3.

27. In the letter, the Plaintiff again requested the reasonable accommodations she had previously been given by the Defendant.

28. The Plaintiff was terminated approximately 48 hours after she sent the letter to the Defendant.

29. The Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on or about August 15, 2018.

30. The Defendant filed his Position Statement with the EEOC on or about May 7, 2019. Please see Exhibit 4.

31. The stated basis for the Plaintiff's wrongful termination is consistent with and occasionally mirrored verbatim in the Plaintiff's request for accommodations and medical diagnosis. Please see Exhibits 1, 3 and 4.

32. The Plaintiff Filed her Position Statement with the EEOC on or about June 14, 2019. Please see Exhibit 5.

33. The Plaintiff was granted a Notice of Suit Rights by the EEOC on August 16, 2019. Please see Exhibit 6.

34. Following her wrongful termination, the Plaintiff's medical bills have substantially increased due to the stress and mental anguish caused by the Defendant.

35. The Plaintiff's medical records explicitly state that the Plaintiff's wrongful termination was the proximate cause of the increase in the Plaintiff's need for additional medical treatment.

36. This Complaint and Jury Demand are filed within the 90-day time limit specified in the foregoing referenced Exhibit 6.

### V. STATEMENT OF CLAIMS

37. All of the allegations in this Complaint are re-alleged and incorporated herein by reference with respect to all claims.

**FIRST CLAIM FOR RELIEF:**

**Discrimination pursuant to the Americans with Disabilities Act**

38. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 37 above as if set forth in full herein.

39. To establish a *prima facie* case for discrimination under the American's with Disabilities Act (ADA), the Claimant must establish that "(1) [s]he is a disabled person as defined by the ADA; (2) [s]he is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) the employer discriminated against [her] because of the disability." *Taylor v. Pepsi-Cola*, 196 F.3d 1109 (10th Cir. 1999) .

40. 42 U.S. Code § 12102 defines a disability as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment."

41. The Plaintiff has a physical or mental impairment that substantially limits her major life activities of sleeping, concentrating, thinking, communicating and working. Please see Exhibit 1.

42. The Plaintiff has a record of such an impairment. Please see Exhibit 1 and Exhibit 7. Additionally, in providing the Plaintiff with reasonable accommodations for approximately one and one half years, the Defendant regarded the Plaintiff as having such an impairment.

43. The Plaintiff satisfactorily performed the essential functions of her job when

provided with reasonable accommodations by the Defendant.

44. The Plaintiff was terminated within 48 hours of requesting accommodations to the Defendant in writing.

45. This termination constitutes a discriminatory act since "[t]he discriminatory act must be in regard to, or with respect to, the terms or conditions of employment." *Exby-Stolley v. Board of Count Commissioners*, 906 F.3d 909 (10th Cir. 2018).

46. The proximity between the protected activity, *i.e.* request for accommodations, and the termination alone is sufficient to establish this element of a *prima facie* retaliation claim. "[A] plaintiff may rely on temporal proximity alone... if the termination is very closely connected in time to the protected activity." *Metzler v. Federal Home Loan Bank of Topeka*, 464 F.3d 1171 (10th Cir. 2006).

47. The Plaintiff has suffered damages as a direct and proximate result of the Defendant wrongfully terminating her employment after she engaged in a protected activity, causing her a loss of wages, loss of professional opportunities, emotional distress, and mental pain & anguish.

48. Because the Plaintiff can establish a *prima facie* case for discrimination under the ADA, she is entitled to attorney's fees and costs at the discretion of this honorable Court pursuant to 42 U.S. Code § 12205.

49. As a direct and proximate result of the Defendant's wrongful acts, the

Plaintiff has sustained injuries and damages, including but not limited to, loss of earnings and earning capacity; loss of career opportunities; mental anguish; emotional distress; humiliation and embarrassment; loss of professional reputation; and, loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of her choice.

**SECOND CLAIM FOR RELIEF:**

**Failure to Accommodate pursuant to the Americans with Disabilities Act**

50.   The Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 49 above as if set forth in full herein.

51.   In order to prevail in a Failure to Accommodate claim under the ADA "the employee must make an initial showing that "(1) she is disabled; (2) she is 'otherwise qualified'; and (3) she requested a plausibly reasonable accommodation" *Punt v. Kelly Services*, 862 F.3d 1040, 1050 (10th Cir. 2017).

52.   The Plaintiff's medical records clearly indicate that she is considered disabled under the ADA. Please see Exhibit 1.

53.   The Plaintiff was otherwise qualified for her position, as she had successfully performed the essential duties of her job while being accommodated. Further, she had, in fact, satisfactorily taken on additional responsibilities while the Defendant was seeking a new GM.

54.   The Plaintiff requested the same reasonable accommodations that she had been provided previously by the Defendant. The Plaintiff again

requested to be accommodated in writing after the accommodations requested verbally were ignored. Please see Exhibit 3.

55.   The Plaintiff is entitled to an award of her attorneys' fees and costs incurred in this matter at the discretion of this honorable Court pursuant to 42 U.S. Code § 12205.

56.   The Plaintiff is further entitled to any and all relief permitted under the ADA, 42 U.S.C. § 12117(a), including equitable relief.

## THIRD CLAIM FOR RELIEF:

## Retaliation pursuant to the Civil Rights Act of 1964

57.   The Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 56 above as if set forth in full herein.

58.   42   U.S.C § 2000 e–3 (a) states that "It shall be an unlawful employment practice for an employer to discriminate against any of his employees… because [s]he has opposed any practice made an unlawful employment practice by this subchapter."

59.   To establish a *prima facie* Title VII retaliation claim, the alleging party must show "(1) that she engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." *Bekkem v. Wilkie*, 915 F.3d 1258, 1267 (10th Cir. 2019); (citing *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012)).

60.    The Plaintiff engaged in protected opposition to discrimination by e-mailing the letter to the Defendant's owner where she again requested the accommodations, which she had enjoyed but were taken away by Ms. Peace. Please see Exhibit 3.

61.    A reasonable person would justifiably believe that being terminated within 48 hours of requesting reasonable medical accommodations for a known disability is a materially adverse action. By losing her only source of income, it is necessarily true that the action of terminating her employment was materially adverse.

62.    With the temporal proximity between the Plaintiff's written request for accommodation to the Defendant's owner, and the adverse employment action taken against her being so related, a reasonable person would justifiably believe that there is sufficient circumstantial evidence to support a causal nexus between the protected activity and the adverse employment action taken against her. Please see Exhibit 3 and *Metzler.*

63.    The Plaintiff is entitled to an award of her attorneys' fees and costs incurred in this matter at the discretion of this honorable Court pursuant to 42   U.S.C § 2000 e–5 (k).

64.    The Plaintiff is further entitled to any and all relief permitted under the ADA, 42 U.S.C. § 12117(a), including equitable relief.

## VI. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Lisa Robinson, respectfully requests that this Court enter judgment in her favor and against Defendant and order the following relief as allowed by law:

A.   Compensatory damages, including but not limited to those for emotional distress,  inconvenience, mental anguish, loss of enjoyment of life, and the associated Health Care costs;

B.   Back pay and benefits;

C.   Prospective wage loss;

D.   Injunctive and/or declaratory relief;

E.   Attorney fees and costs of the action, including expert witness fees, as appropriate;

F.   Pre-judgment and post-judgment interest at the highest lawful rate; and

G.   Such further relief as this honorable Court deems necessary, prudent or in the interests of justice.

## PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE

Respectfully submitted on this 12th day of November, 2019.

By:

/s/ James W. Schmehl
James W. Schmehl,
The Schmehl Law Group P.C.
219 West Magnolia
Fort Collins, CO 80521
Telephone: (970) 484-0225
Fax: (970) 219 - 8341
E-mail: jwslaw@frii.com
ATTORNEY FOR PLAINTIFF