IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 19-cv-03219-RBJ

LISA ROBINSON,

    Plaintiff,

v.

PINE HILLS MANAGEMENT CO.,

    Defendant.

---

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

This matter is before the Court on defendant's amended motion for summary judgment. ECF No. 43. Plaintiff brings three claims against defendant: (1) a discrimination claim under the American with Disabilities Act ("ADA"), (2) a failure-to-accommodate claim under the ADA, and (3) a retaliation claim. Defendant moves for summary judgment on all three claims. Defendant filed its motion on October 20, 2020. ECF No. 43. Plaintiff filed her response on November 6, 2020. ECF No. 44. Defendant filed its reply on November 20, 2020. ECF No. 45. The matter is now ripe for review.

Upon reviewing the briefs and the record, the motion is denied because the Court finds that there are genuine disputes of material fact for all three claims.

ADA Discrimination Claim

    1. Plaintiff and defendant dispute whether Ms. Robinson had a qualifying disability under

the ADA.  Defendant argues that plaintiff is not a person with a disability under the ADA because her Post-Traumatic Stress Disorder ("PTSD") did not substantially affect her ability to work.  ECF No. 43 at 7.  According to defendant, Ms. Robinson could not have a qualifying disability because she received satisfactory performance reviews.  *Id*.  Plaintiff argues that defendant misstates the law, and that people who adequately perform their jobs can still be found to have a qualifying disability.  ECF No. 44 at 16.  I agree.

A person has a qualifying disability under the ADA if they have "a physical or mental impairment that substantially limits one or more major life activities. . . ."  42 U.S.C.A § 12102(1)(a).  The inquiry is therefore not limited to whether the disability substantially limits one's ability to work.  *Id*.  Evidence in the record suggests that Ms. Robinson's disability substantially limited her ability to sleep and her memory, among other things.  ECF No. 44-2 at 7.  A reasonable jury could find, based on Ms. Robinson's medical records and other evidence in the record, that her disability substantially limited major life activities.

2. Plaintiff and defendant dispute whether Ms. Robinson was terminated because of her disability.  Defendant argues that plaintiff was terminated for being insubordinate and ignoring the chain of command.  ECF No. 43 at 8–9.  To support their position, defendant cites to both Ms. Peace's and Mr. Eslan's deposition testimony.  ECF Nos. 43-1, 43-6.  Plaintiff claims that she was fired because of her disability.  She cites the email she sent on April 26, 2018 in which she reminded her supervisor that she had PTSD.  ECF No. 22-3.  Plaintiff argues that the temporal proximity between the date of the email, April 26, 2018, and the date she was fired, April 27, 2018, is sufficient to infer causation.  I agree.

In the ADA context, "[a] causal connection may be shown by evidence of circumstances

that justify an inference of retaliatory motive, such as protected conduct followed by adverse action." *O'Neal v. Ferguson Constr. Co.*, 237 F.3d 1248, 1253 (10th Cir. 2001) (internal quotation omitted). Additionally, temporal proximity that is "very close in time between the protected activity and the retaliatory conduct" is especially persuasive. *Haynes v. Level 3 Communications, LLC*, 456 F.3d 1215, 1228 (10th Cir. 2006), *abrogated by Exby-Stolley v. Bd. Of Cty. Comm'rs.*, 906 F.3d 900 (10th Cir. 2018). Here, Ms. Robinson sent the email on April 26, 2018 and was terminated one day later on April 27, 2018. One day is sufficiently close in time to support an inference of causation. A reasonable jury could therefore find that Ms. Robinson was fired because of her disability.

3. While there is no dispute over when Ms. Robinson sent her email to Ms. Peace, plaintiff and defendant dispute whether Ms. Peace read the email prior to her terminating Ms. Robinson. Defendant claims that plaintiff cannot show causation because Ms. Peace stated "I don't recall" when asked to disclose when she read Ms. Robinson's email. ECF No. 43 at 14. The statement "I don't recall" is not the equivalent of a denial. The email was sent the day before Ms. Robinson was terminated. A reasonable jury could infer that Ms. Peace had time to read the email and did read the email prior to firing Ms. Robinson.

Failure-to-Accommodate Claim

4. Plaintiff and defendant dispute whether Ms. Robinson requested an accommodation either from former supervisors or from Ms. Peace, the supervisor who fired her. Plaintiff argues that she requested an accommodation from Ms. Peace verbally and again in her April 26, 2018 email. ECF No. 22-3. Defendant argues that this email was not a request for an accommodation, but instead an opportunity for Ms. Robinson to list her job-related grievances. ECF No. 43 at 11.

A portion of the email reads, "[a]lso, I have already let you know I suffer from PTSD an Anxiety disorder, and the stress level of bringing in Revenue for two properties, would not be good for my emotional wellbeing." ECF No. 22-3. A reasonable jury could therefore find that (1) Ms. Robinson told Ms. Peace about her disability and requested an accommodation before the April 26, 2018 email, and (2) this email was a follow-up to that prior discussion. Thus, a genuine dispute of material fact exists as to whether Ms. Robinson's verbal comments or her email were a request for a reasonable accommodation.

5. Plaintiff and defendant dispute whether defendant ever accommodated plaintiff. Plaintiff claims that her disability was accommodated up until Ms. Peace became the general manager. ECF Nos. 44. She cites to the deposition testimony of Marjaneh Shahravesh and Terry Bond, both of whom were former general managers at the La Quinta Inn in Loveland, Colorado. ECF Nos. 44, 44-1, 44-3, and 44-4. Defendant argues that they never granted plaintiff accommodations, and what Ms. Robinson believed were accommodations, such as extended breaks and stress-management support, were actually concessions available to all employees. ECF No. 43 at 1. Defendant cites to different portions of Shahravesh's and Bond's deposition testimony to support their claim. Viewing all of the evidence in the light most favorable to plaintiff, a reasonable jury could find that the prior general managers accommodated Ms. Robinson's disability.

<u>Disputed Material Facts as to Retaliation</u>

6. Plaintiff and defendant dispute whether Ms. Robinson engaged in a protected activity. Plaintiff argues that she engaged in a protected activity when she objected to her accommodations being terminated, both in writing and verbally. ECF No. 44. Defendant argues

4

she never requested an accommodation.  Requesting an accommodation is a protected activity. *Lincoln v. BNSF Railway Co.*, 900 F.3d 1166, 1209 (10th Cir. 2018).  As decided in Paragraph 4 of this order, a genuine dispute exists as to whether Ms. Robinson requested an accommodation and therefore also as to whether Ms. Robinson engaged in a protected activity.

7. Plaintiff and defendant dispute whether there is a causal connection between Ms. Robinson's engaging in a protected activity and her termination.  Plaintiff claims that the temporal proximity between the protected activity and the adverse action infers causation.  As decided in Paragraph 2, the temporal proximity between plaintiff's email and termination support an inference of causation.  A reasonable jury could therefore find that defendant retaliated against Ms. Robinson because of her engagement in a protected activity.

This list is not exhaustive; however, it is indicative that there are several material factual disputes as to each claim.  Defendant's motion for summary judgment is therefore DENIED.

**ORDER**

Defendant Pine Hills Management's motion for summary judgment, ECF No. 43, is DENIED.

DATED this 7th day of January, 2021.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge